**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ALAN PARSONS and
APPERTAINING LLC,

              Plaintiffs,

v.                                          Case No:   6:20-cv-123-RBD-LRH

JOHN REGNA,
WORLD ENTERTAINMENT
ASSOCIATES OF AMERICA, INC.
and
DOES 1-20

              Defendants.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED MOTION ON AMOUNT OF ATTORNEYS' FEES AND COSTS PURSUANT TO THE COURT'S SEPTEMBER 13, 2021, ORDER (Doc. No. 114)** |
| **FILED:** | **November 12, 2021** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

## I.     INTRODUCTION.

On January 24, 2020, Plaintiffs Alan Parsons and Appertaining LLC ("Plaintiffs") instituted this action against Defendants John Regna and World Entertainment Associates of America, Inc. ("Defendants"), alleging federal trademark claims under the Lanham Act, 15 U.S.C. § 1051, *et seq.*; state law claims for trademark infringement and trademark dilution, state common law claims for unfair competition, misappropriation of the right of publicity, breach of fiduciary duty, breach of contract, and conversion; and a state law claim for infringement of the statutory right of publicity under Fla. Stat. § 540.08.   Doc. No. 1.   On March 20, 2020, the Court granted Plaintiffs' motion for preliminary injunction against Defendants.   Doc. No. 46.

As relevant to the above-styled motion, on July 6, 2021, Plaintiffs filed a motion for civil contempt, alleging that Defendants had violated the Court's preliminary injunction.   Doc. No. 78.   After Defendants were ordered to show cause (Doc. Nos. 88–89), and after the Court held a hearing on the matter (Doc Nos. 91, 94, 107), on September 13, 2021, the Court entered an Order holding Defendants in civil contempt for violating the Court's preliminary injunction.   Doc. No. 108. In that Order, the Court also found that Plaintiffs are entitled to attorney's fees for litigating the underlying motion for contempt.   *Id.* at 7–8.   The Court directed the parties to meet and confer regarding the appropriate amount of attorney's fees to

be awarded to Plaintiffs for litigating the motion for contempt, and ordered that by October 25, 2021, "if the parties cannot agree on the fee amount, Plaintiffs may move the Court for a determination." *Id.*

On October 25, 2021, Plaintiff filed a Motion on Amount of Attorney's Fees and Costs Pursuant to the Court's September 13, 2021 Order.   Doc. No. 112.   The motion was referred to the undersigned.   On review, however, I denied the motion without prejudice because according to the Local Rule 3.01(g) certificate, it was not clear whether the motion was opposed; and on the merits, Plaintiff had not included sufficient evidence and explanation to support the amount of fees sought.   Doc. No. 113.   I permitted Plaintiffs to file a renewed motion by November 12, 2021, to rectify these issues.   *Id.* at 3.

On November 12, 2021, Plaintiffs filed the renewed, above-styled motion, which was referred to the undersigned.   Doc. No. 114.   The motion states that Defendants oppose the request.   *Id.* at 8.   Plaintiffs seek an award of fees and costs in the amount of $31,277.00 in litigating their motion for contempt.   *Id.* at 7.

Defendants have not responded to the motion, and the time for doing so has expired.   *See* Local Rule 3.01(c).   Accordingly, I consider the motion to be unopposed.   *See id.   See also* Doc. No. 44, at 10 ("[T]he Court routinely grants motions as unopposed when no Response is filed.").   And on review, I find Plaintiffs' unopposed motion well taken, for the most part.   Accordingly, I will

respectfully recommend that the motion (Doc. No. 114) be granted in part and denied in part, as outlined herein.

## II.    LEGAL FRAMEWORK.

The Court has already determined that Plaintiffs are entitled to an award of fees and costs in litigating the motion for contempt.   Doc. No. 108.   Thus, this Report concerns solely the quantification of that award.

Once a district court finds a party in contempt, it has "broad discretion in fashioning a contempt sanction." *Sizzler Family Steak Houses v. W. Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1536 n.8 (11th Cir. 1986).  *Accord Abbott Lab'ys v. Unlimited Beverages, Inc.*, 218 F.3d 1238, 1242 (11th Cir. 2000).   However, "attorneys' fees in a civil contempt proceeding are limited to those reasonably and necessarily incurred in the attempt to enforce compliance."  *Abbott Labs.*, 218 F.3d at 1242 (citing *Rickard v. Auto Publisher, Inc.*, 735 F.2d 450, 458 (11th Cir. 1984)).  *See also LD Acquisition Co. 13 LLC v. Palmetto Bay Ctr., Inc.*, No. 1:19-CV-21857, 2021 WL 4976330, at *13 (S.D. Fla. Aug. 26, 2021) ("[A] court should only award those fees that were reasonably and necessarily incurred by the moving party in procuring compliance with a court's order.") (citing *Abbott Labs.*, 218 F.3d at 1242), *report and recommendation adopted*, 2021 WL 4451365 (S.D. Fla. Sept. 29, 2021)).

The Eleventh Circuit has stated, albeit in an unpublished decision, that "[s]anctions for civil contempt are not equivalent with typical payment of

attorneys' fees, and civil contempt sanctions do not require the use of the lodestar method." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Olympia Holding Corp.*, 140 F. App'x 860, 864 (11th Cir. 2005).[1]   But, courts have found "the lodestar analytical method useful in evaluating a reasonable fee award" in the civil contempt context.   *See Sec. & Exch. Comm'n v. Detroit Mem'l Partners, LLC*, No. 1:13-CV-1817-WSD, 2016 WL 1169484, at *2 (N.D. Ga. Mar. 21, 2016).[2]

## III.   ANALYSIS.

Plaintiffs seek a total of $31,277.00 in attorneys' fees for litigating the motion for contempt, for the work of attorneys from the various law firms that have represented them during this litigation, as follows:

O'Connell & Crispin Ackal PLLC (Plaintiffs' current counsel)

- Brian M. O'Connell, Esq.: 10.27 hours at $300/hour = $3,081.00

- Ashley Crispin Ackal, Esq.: 19.08 hours at $275.00/hour = $5,247.00

- Clara Crabtree, Esq.: 0.42 hours at $225.00/hour = $94.50

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are cited as persuasive authority.   *See Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants.").

[2] "The starting point in fashioning an award of attorney's fees is to multiply hours reasonably expended by a reasonable hourly rate."   *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam).   In applying the lodestar analysis, the party seeking fees has the burden of establishing that the hourly rate and hours expended are reasonable.   *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

- Alexander L. Brams, Esq.: 68.93 hours at $225.00/hour = $15,509.25

- Sam R. K. Shahidi, Esq.: 0.25 hours at $225.00/hour = $56.25

- Trudy Dodson: 0.5 hours at $85.00/hour = $42.50

- Total for O'Connell & Crispin Ackal PLLC Law Firm:   $24,030.50

Brian P. Deeb, Esq. (Plaintiffs' current counsel)

- 13.7 hours of work performed by Attorney Deeb at $375.00/hour = $5,137.50

- Total for Attorney Deeb = $5,137.50

Jeffer, Mangels, Butler & Marmaro, LLP (Plaintiffs' former counsel)

- Jeff Goldman, Esq. (Plaintiffs' former *pro hac vice* counsel, withdrawn on March 3, 2021): 1.6 hours at $945.00/hour = $1,512.00

- Rod S. Berman, Esq. (Plaintiffs' former *pro hac vice* counsel, withdrawn on March 3, 2021):   0.6 hours at $995.00/hour = $597.00

- Total for Jeffer, Mangels, Butler & Marmaro, LLP Law Firm = $2,109.00

Total amount sought = $31,277.00.   Doc. No. 114, at 7.

In support of the fees sought by the O'Connell & Crispin Ackal PLLC law firm, Plaintiffs submit the Affidavit of one of their attorneys, Brian M. O'Connell, Esq., who reviewed the invoices related to the motion for contempt, and supports the requested fees with an explanation on the experience of each of the attorneys

involved.   Doc. No. 114-1. [3]   Based on Attorney O'Connell's experience, his knowledge of the relevant market rates, and his consultation with co-counsel Attorney Deeb, Attorney O'Connell opines that the requested hourly rates are reasonable and commensurate with counsels' experience.   *Id.* ¶ 8.   Attorney O'Connell further opines that he has personally reviewed the tasks performed reflected on the invoices, and finds none to be excessive, duplicative, clerical, or otherwise unreasonable.   *Id.* ¶ 9.

Redacted invoices are also submitted with Mr. O'Connell's declaration, reflecting as unredacted only those time entries pertinent to the motion for contempt, as it relates to the work performed by the attorneys from the O'Connell & Crispin Ackal PLLC law firm.   *Id.* at 6–20.

---

[3] As explained in Attorney O'Connell's declaration, the attorneys at the O'Connell & Crispin Ackal PLLC law firm have the following years of experience:

- Attorney O'Connell: 41 years (seeking $300.00 per hour)
- Attorney Ackal: 14 years (seeking $275.00 per hour)
- Attorney Crabtreee: 8 years (seeking $225.00 per hour)
- Attorney Brams: 3 years (seeking $225.00 per hour)
- Attorney Shahidi: 2 years (seeking $225.00 per hour)

Doc. No. 114-1, at 2–3.   Plaintiffs also seek recovery for the work of Trudy Dodson (35 years' experience), presumably a paralegal or legal assistant, at $85.00 per hour.   *See id.* at 3.   Also, although not all of these attorneys have appeared as counsel of record in this case, absent any objection from Defendants, I will respectfully recommend that the Court permit recovery of fees for these attorneys.   *See, e.g., Kennedy v. Radio Rd. Plaza Invs., LLC,* No. 2:15-cv-630-FtM-29CM, 2017 WL 88944, at *2 (M.D. Fla. Jan. 10, 2017) (awarding fees to counsel even though he did not file a formal appearance in the case).

Upon consideration of the evidence submitted in support of the fees sought for the attorneys of the O'Connell & Crispin Ackal PLLC law firm, and the documented hours spent litigating the motion for contempt (99.45 hours), particularly in the absence of any objection from Defendants, I find the number of hours spent and the hourly rates for counsel reasonable.   *See, e.g., Pump It Up Holdings, LLC v. Anderson*, No. 6:19-cv-1252-GAP-DCI, 2021 WL 4427509, at *3 (M.D. Fla. Apr. 8, 2021) (finding reasonable under lodestar method hourly rates of $275.00 for associates, $325.00 for counsel, and $350.00 for partners in trademark case in Central Florida legal market); *CarMax Auto Superstores, Inc. v. StarMax Fin., Inc.*, 192 F. Supp. 3d 1279, 1285–86 (M.D. Fla. 2016) (finding similar hourly rates in trademark case well within range and even below prevailing market rates under lodestar method).   *See also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) ("[A] fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal." (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997))).[4]

---

[4] I note that Plaintiffs seek to recover for a total of 115.35 of attorney hours.   *See* Doc. No. 114, at 7.   Courts have approved a comparable number of hours in other contempt related proceedings.   *See, e.g., Freedom Med., Inc. v. Sewpersaud*, No. 6:20-cv-771-Orl-37GJK, 2020 WL 8370946, at *5 (M.D. Fla. Dec. 18, 2020), *objections sustained in part and overruled in part*, 2021 WL 252213 (M.D. Fla. Jan. 26, 2021) (approving 130.10 attorney hours and 71.81 hours performed by law clerks and paralegals, after a 50% reduction in the fees requested for post-hearing work, which constituted a reduction of $5,518.25 total).   *See also People for Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, No. 8:16-cv-2899-T-36AAS, 2020 WL 6938636, at *9 (M.D. Fla. Nov. 25, 2020) (approving a total fee

Attorney Deeb submits an affidavit on his own behalf, as current co-counsel for Plaintiffs, and he avers that his hourly rate is $375.00 per hour, and that he reasonably expended 13.7 hours on the motion for contempt.   Doc. No. 114-2. Attorney Deeb further avers that he has been practicing commercial litigation in Florida for thirty-six (36) years, he sets forth his role as co-counsel for Plaintiffs, and he asserts that the work he performed was not duplicative of other attorneys in the case.   *Id.* at 4.   Paul J. Ullom, Esq. also submits an affidavit as to the reasonableness of Attorney Deeb's hourly rate and time spent on this case, averring that he is familiar with customary fees in this type of case, and after review of the pleadings and file, as well as Attorney Deeb's time records, that Attorney Deeb's hourly rate and hours spent on this matter are reasonable.   Doc. No. 114-3.

Upon consideration, I find the number of hours spent by Attorney Deeb in litigating the motion for contempt (13.7 hours) reasonable, particularly in the absence of any objection from Defendants.   I also find the requested hourly rate reasonable.   *See, e.g.*, *Coach Inc. v. Just A Boun, LLC*, No. 6:11-cv-797-Orl-18GJK, 2011 WL 6318966, at *6 (M.D. Fla. Nov. 8, 2011), *report and recommendation adopted*, 2011 WL 6328696 (M.D. Fla. Dec. 15, 2011) (in default judgment trademark case, finding $375.00 per hour reasonable).   *See also Thornton v. J Jargon Co.*, No. 8:06-CV-1640-T-

_____

award of $358,759.76 in contempt proceeding).

27TGW, 2009 WL 10670911, at *5 (M.D. Fla. May 8, 2009) (reducing hourly rate of attorney with twenty-five years of experience in business litigation and intellectual property law to $375.00 per hour).

Finally, in support of the fees sought by the attorneys from the Jeffer, Mangels, Butler & Marmaro, LLP law firm, Plaintiffs submit two invoices for their services in June and July 2021. Doc. No. 114-1, at 19–20. As discussed above, Plaintiffs seek to recover $945.00 per hour for work performed by Attorney Goldman and $995.00 per hour for work performed by Attorney Berman. *See id.* According to Attorney O'Connell's Affidavit, Attorney Goldman has thirty (30) years of experience, and Attorney Berman has thirty-eight (38) years of experience. Doc. No. 114-1, at 3.[5] However, no further information about these attorneys' experience or expertise is discussed, and Plaintiffs submit no further evidence suggesting that the hourly rates sought for these attorneys are reasonable. Therefore, I will respectfully recommend that the Court *sua sponte* reduce the hourly

---

[5] I note that Attorneys Berman and Goldman withdrew from their representation of Plaintiffs on March 3, 2021. *See* Doc. Nos. 71–72. In the present motion, Plaintiffs explain that although Attorneys Berman and Goldman withdrew from the case, they remained in contact with Plaintiffs and counsel in a consulting role. Doc. No. 114, at 6. Attorney O'Connell further avers to the same. Doc. No. 114-1 ¶ 6. I have accepted these representations for purposes of this motion, and in the absence of any objection from Defendants, find that Plaintiffs' request for recovery for the 2.2 hours of work performed by these attorneys (which consisted of communications with Plaintiffs and counsel regarding the motion for contempt, as well as analyzing and reviewing the motion for contempt, *see* Doc. No. 114-1, at 19–20), well taken.

rates sought by these attorneys.   *See generally Proescher v. Sec. Collection Agency*, No. 3:17-cv-1052-J-32PDB, 2018 WL 3432737, at \*10–11 (M.D. Fla. June 8, 2018) ("If evidence is inadequate, a court in its discretion may reduce an award, make the award on its own experience without further filings or an evidentiary hearing, or exclude unsupported requests." (citations and quotation marks omitted)), *report and recommendation adopted*, 2018 WL 3428157 (M.D. Fla. July 16, 2018).   *Cf. Kleiman v. Wright*, No. 18-80176-CV, 2020 WL 1980601, at \*1 (S.D. Fla. Mar. 17, 2020) (*sua sponte* reducing attorney hourly rates sought regarding attorney fees as a sanction for litigating discovery motions based on Court's own experience).   And I will recommend that their hourly rate be reduced to a rate commensurate to the hourly rate sought by Attorney Deeb ($375/hour), as these attorneys have similar years of experience.   *See, e.g., Coach Inc.*, 2011 WL 6318966, at \*6 (M.D. Fla. Nov. 8, 2011), *report and recommendation adopted*, 2011 WL 6328696 (M.D. Fla. Dec. 15, 2011); *Thornton*, 2009 WL 10670911, at \*5.   Nonetheless, in the absence of any objection from Defendants, I find the number of hours spent by Attorneys Goldman and Berman (2.2 hours) reasonable.

In sum, I will respectfully recommend that the Court grant in part Plaintiffs' motion, and award Plaintiffs a total of **$29,993.00** in litigating the motion for contempt, calculated as follows:

O'Connell & Crispin Ackal PLLC

- Brian M. O'Connell, Esq.: 10.27 hours at $300/hour = $3,081.00

- Ashley Crispin Ackal, Esq.: 19.08 hours at $275.00/hour = $5,247.00

- Clara Crabtree, Esq.: 0.42 hours at $225.00/hour = $94.50

- Alexander L. Brams, Esq.: 68.93 hours at $225.00/hour = $15,509.25

- Sam R. K. Shahidi, Esq.: 0.25 hours at $225.00/hour = $56.25

- Trudy Dodson: 0.5 hours at $85.00/hour = $42.50

- Total for O'Connell & Crispin Ackal PLLC Law Firm:   $24,030.50

Brian P. Deeb, Esq.

- 13.7 hours of work performed by Attorney Deeb at $375.00/hour = $5,137.50

- Total for Attorney Deeb = $5,137.50

Jeffer, Mangels, Butler & Marmaro, LLP

- Jeff Goldman, Esq.: 1.6 hours at $375.00/hour = $600.00

- Rod S. Berman, Esq.:   0.6 hours at $375.00/hour = $225.00

- Total for Jeffer, Mangels, Butler & Marmaro, LLP Law Firm = $825.00

## IV.   RECOMMENDATION.

For the reasons discussed herein, I respectfully **RECOMMEND** that the Court:

1. **GRANT in part and DENY in part** the Renewed Motion on Amount of Attorneys' Fees and Costs Pursuant to the Court's September 13, 2021, Order (Doc. No. 114).

2. **AWARD** Plaintiffs a total of **$29,993.00** in attorneys' fees in litigating the motion for contempt, pursuant to the Court's Order, *see* Doc. No. 108.

3. **DENY** the motion (Doc. No. 114) in all other respects.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 20, 2021.

Leslie R. Hoffman

**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy