# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ALAN PARSONS and
APPERTAINING LLC,

      Plaintiffs,

v.   Case No:   6:20-cv-123-RBD-LHP

JOHN REGNA, WORLD
ENTERTAINMENT ASSOCIATES OF
AMERICA, INC. and DOES 1-20,

      Defendants

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: PLAINTIFFS' RENEWED MOTION FOR AWARD OF LEGAL FEES AND COSTS (Doc. No. 199)**
>
> **FILED:** August 12, 2022
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.     INTRODUCTION.**

On January 24, 2020, Plaintiffs Alan Parsons ("Parsons") and Appertaining LLC (collectively "Plaintiffs") instituted this action against Defendants John Regna ("Regna") and World Entertainment Associates of America, Inc. (collectively "Defendants"), alleging federal trademark claims under the Lanham Act, 15 U.S.C. § 1051, *et seq.* (Counts I–III); state law claims for trademark infringement and trademark dilution (Counts IV–V), state common law claims for unfair competition, misappropriation of the right of publicity, breach of fiduciary duty, breach of contract, and conversion (Counts VI, VIII–XI); and a state law claim for infringement of the statutory right of publicity under Fla. Stat. § 540.08 (Count VII). Doc. No. 1.  In sum, the case concerns several registered and common law trademarks owned by Parsons (including "ALAN PARSONS," "ALAN PARSONS LIVE PROJECT," and "THE ALAN PARSONS PROJECT"), and the alleged misuse thereof by Regna, who formerly worked for Parsons, and Regna's company.  *See generally* Doc. No. 126.

On March 20, 2020, the Court granted Plaintiffs' motion for a preliminary injunction, finding that Plaintiffs had set forth evidence demonstrating a likelihood of consumer confusion, and that Plaintiffs had demonstrated a substantial likelihood of success on the federal and common law trademark infringement claims.  Doc. No. 46.  Defendants filed an interlocutory appeal, but the Eleventh

Circuit affirmed. Doc. Nos. 51, 73, 75. In the interim, the Court denied Defendants' motions to dismiss. Doc. Nos. 27, 28, 42, 59.

On July 6, 2021, Plaintiffs filed a Motion for Civil Contempt, asserting that Defendants had violated the Court's preliminary injunction. Doc. No. 78. The Court issued an Order to Show Cause to Defendants and held a hearing thereon. Doc. Nos. 88–89, 91, 93, 98, 107. After the hearing, the Court granted the Motion for Civil Contempt, holding Defendants in civil contempt for violating the preliminary injunction and finding Plaintiffs entitled to attorney's fees incurred in litigating the Motion for Civil Contempt. Doc. No. 108. An award of fees was subsequently entered in Plaintiffs' favor regarding the litigation of the Motion for Civil Contempt. *See* Doc. Nos. 114, 127, 134, 144, 154.

On December 16, 2021, the Court granted Plaintiffs' motion for summary judgment as to Counts I, II, and VI of the complaint, ordering that the case would proceed to trial on: (1) damages only as to Counts I, II, and VI; and (2) liability and damages as to Counts III–V and VII–XI. Doc. No. 126. The case proceeded to a jury trial, and on May 13, 2022, the jury returned a verdict in favor of Plaintiffs on all outstanding claims. Doc. No. 172; *see also* Doc. Nos. 166, 169, 170. Judgment was entered in favor of Plaintiffs and against Defendants the same day, in the total amount of $4,950,000.00. Doc. No. 175. On July 1, 2022, after notice to and

response from the parties, the Court converted the preliminary injunction into a permanent injunction, unchanged.   Doc. Nos. 177, 179, 188, 194.

Now before the Court is Plaintiffs' Renewed Motion for Award of Legal Fees and Costs, filed on August 12, 2022, which has been referred to the undersigned. Doc. No. 199.[1]   Plaintiffs seek an order finding them entitled to an award of fees and costs under the Lanham Act, 15 U.S.C. § 1117(a), on their federal statutory infringement claims, arguing that this case is an "exceptional" one based on several factors, including the entry of the preliminary injunction, the contempt order against Defendants, summary judgment in their favor, fees in their favor for litigating the contempt motion, and the jury verdict in their favor.   *Id.* at 2.   *See also* Local Rule 7.01(b).   Plaintiffs contend that the record demonstrates Defendants' knowing violation of the law, the strength of Plaintiffs' litigation position, and the lack of any defense by Defendants.   *Id.* at 4.   Plaintiffs estimate their total fees at approximately $250,000.00.   *Id.* at 8.[2]

---

[1] The undersigned denied Plaintiffs' first motion without prejudice as untimely filed, but on Plaintiffs' motion, extended the time for Plaintiffs to move for an award of fees through August 12, 2022.   Doc. Nos. 190, 195, 196–97.

[2] Plaintiffs do not explain whether this fee estimate is for fees allocated solely towards their Lanham Act claims, or also includes fees related to their state statutory and common law claims (and if so, why such fees would be recoverable).   However, the undersigned does not believe the absence of such explanation is fatal, as this issue can be resolved during the fee quantification proceedings.   *See also* Local Rule 7.01(c).

Although the motion states that Defendants oppose the requested relief, *see* Doc. No. 199, at 8, Defendants have not responded to the motion, and the time for doing so has expired. *See* Local Rule 3.01(c). Accordingly, I consider the motion to be unopposed. *See id.* *See also* Doc. No. 44, at 10 ("[T]he Court routinely grants motions as unopposed when no Response is filed."). And on review, Plaintiffs' unopposed motion is well taken. Accordingly, I will respectfully recommend that the motion (Doc. No. 199) be granted, for the reasons stated herein.

## II.  LEGAL FRAMEWORK.

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "[T]o be an 'exceptional case' under the Lanham Act requires only that a case 'stands out from others,' either based on the strength of the litigating positions or the manner in which the case was litigated." *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). Whether a case is exceptional should be determined based upon a preponderance of the evidence. *Id.* at 1117.

Even in exceptional cases, the decision whether to award attorneys' fees remains within the discretion of the Court. *Id.* (citing *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994)). The determination requires consideration of the totality of the circumstances and must be made on a case-by-

case basis. *Octane Fitness*, 572 U.S. at 554. Courts consider several factors, which include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

### III.   ANALYSIS.

Both *Octane Fitness* factors—the strength of the litigating positions and the manner in which the case was litigated—weigh in favor of Plaintiffs' entitlement to fees under 15 U.S.C. § 1117(a). As discussed above, the Court entered a preliminary injunction in Plaintiffs' favor, finding that Plaintiffs were likely to succeed on the merits and restraining Defendants from using Plaintiffs' marks worldwide. Doc. No. 46. Defendants appealed, and lost. Doc. Nos. 51, 73, 75. Defendants thereafter violated that injunction, using phrases prohibited under the injunction, and the Court held them in contempt for that violation, given that Defendants did not show an inability to comply. Doc. No. 108.

The Court denied Defendants' requests for dismissal. Doc. Nos. 27, 28, 42 59. The Court also granted summary judgment in Plaintiffs' favor on two Lanham Act claims: Counts I (federal trademark infringement) and II (false designation of origin), as well as the state common law unfair competition claim (Count VI), in particular noting that Plaintiffs demonstrated ownership of the marks at issue; there

was a likelihood of confusion by Defendants' use of the marks; Regna intended to benefit from Parson's reputation and knew his conduct was wrong; there was evidence of actual confusion; and although Regna "superficially dispute[d]" that his use of the marks was likely to cause confusion, there was no genuine issue of material fact on this point. Doc. No. 126. After trial, the jury also found in Plaintiffs' favor on all remaining claims in this case, awarding punitive damages on several of the state law claims. *See* Doc. No. 172. Moreover, Defendants have not responded to the present motion, thereby providing no challenge to Plaintiffs' claims as to the strength of their litigation positions, nor any explanation as to the manner in which Defendants litigated this case.

Thus, after reviewing the totality of the circumstances, the undersigned finds that this is not a "run-of-the-mill" trademark infringement case. The parties litigated for over 2 years, with Plaintiffs prevailing at nearly every stage. Plaintiffs were awarded both preliminary and permanent injunctive relief, successfully defended multiple motions to dismiss, obtained summary judgment in their favor as to 3 claims, and obtained a jury verdict in their favor as to all other claims (including awards of punitive damages as to some of those claims). For their part, Defendants unsuccessfully appealed the preliminary injunction, and were subsequently held in civil contempt for their violations thereof. And they lost at

every key stage of this case, including as to every single claim at trial. Moreover, Defendants wholly failed to respond to the above-styled motion.

Accordingly, the undersigned finds that this litigation qualifies as an "exceptional case" warranting an award of fees under 15 U.S.C. § 1117(a). *See, e.g.*, *Commodores Ent. Corp. v. McClary*, No. 6:14-cv-1335-RBD-GJK, 2021 WL 2403996, at *4 (M.D. Fla. Mar. 9, 2021), *report and recommendation adopted*, 2021 WL 1718807 (M.D. Fla. Apr. 30, 2021) (finding case to be exceptional, and plaintiff entitled to fees under 15 U.S.C. § 1117(a), under totality of the circumstances where case involved a preliminary and permanent injunction, two jury trials, one judgment as a matter of law, and three appeals, the defendant lost on all claims and defenses, and the defendant advanced objectively unreasonable arguments and failed to abide by the injunction); *Backjoy Orthotics, LLC v. Forvic Int'l Inc.*, No. 6:14-cv-249-Orl-41TBS, 2017 WL 3037497, at *4 (M.D. Fla. June 12, 2017), *report and recommendation adopted*, 2017 WL 3022712 (M.D. Fla. July 17, 2017) (finding the plaintiffs entitled to attorney's fees under the Lanham Act given the "significant disparity of the merits of the parties' respective positions"); *CarMax Auto Superstores, Inc. v. StarMax Fin., Inc.*, 192 F. Supp. 3d 1279, 1283–84 (M.D. Fla. 2016) (finding an award of fees under 15 U.S.C. § 1117(a) warranted under both *Octane Fitness* factors, given the strength of the plaintiff's litigating position, the defendant's unauthorized use of the marks, the defendant's deliberate intention to create consumer confusion, and the

defendant's actual knowledge of the impropriety of its conduct, noting that "[c]ourts have found that similar imbalances between parties' litigating positions are sufficient to award attorney fees under the Lanham Act"); *Ohio Sav. Bank v. Kempa*, No. 8:07-cv-742-T-23TBM, 2008 WL 1849011, at *1 (M.D. Fla. Apr. 24, 2008) (finding an award of fees warranted under 15 U.S.C. § 1117(a) when the record established "knowing and willful infringement, tactically and unwholesomely initiated and studiously maintained despite notice by the plaintiffs," and the record lacked any evidence of reasonable explanation for the infringement or justification for the persistence of infringement); *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, No. 8:06-cv-223-T-MSS, 2008 WL 11452371, at *3 (M.D. Fla. Mar. 12, 2008), *amended in part on other grounds*, 2008 WL 11452359 (M.D. Fla. Sept. 18, 2008), *and aff'd*, 573 F.3d 1186 (11th Cir. 2009) (finding that jury's award of punitive damages on related state common law unfair competition claim warranted a finding that the case was exceptional for Lanham Act attorney's fees purposes).

I will therefore recommend that the Court find Plaintiffs entitled to an award of fees and costs pursuant to 15 U.S.C. § 1117(a).

## IV.    RECOMMENDATION.

For the reasons stated above, I respectfully **RECOMMEND** that the Court **GRANT** Plaintiffs' Renewed Motion for Award of Legal Fees and Costs (Doc. No. 199), **FIND** Plaintiffs entitled an award of fees and costs pursuant to 15 U.S.C. §

1117(a), and **ORDER** the parties to comply with the procedures set forth in Local Rule 7.01(c) and (d) for a determination of the amount.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 28, 2022.

*[signature]*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy