# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ALAN PARSONS and
APPERTAINING LLC,

      Plaintiffs,

v.                                       Case No:   6:20-cv-123-RBD-LHP

JOHN REGNA, WORLD
ENTERTAINMENT ASSOCIATES OF
AMERICA, INC. and DOES 1-20,

      Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   PLAINTIFFS' SUPPLEMENTAL MOTION FOR AMOUNT OF AWARD OF LEGAL FEES AND COSTS (Doc. No. 213)
>
> **FILED:**     January 27, 2023
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On December 15, 2022, the Court found Plaintiffs entitled to an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a).  Doc. No. 208.  *See also*

Doc. No. 202. By the present motion, Plaintiffs seek to quantify that award. Doc. No. 213. Upon review, however, the motion will be denied without prejudice for failure to adequately support the relief sought.

As an initial matter, the motion fails to include a memorandum of legal authority as required by Local Rule 3.01(a). Instead, Plaintiffs appear to be requesting that the Court award them $362,439.59 in attorneys' fees on the sole basis that Defendants do not oppose the amount sought. Doc. No. 213. However, Plaintiffs cite no legal authority demonstrating that the Court can simply accept the parties' agreement regarding quantification of fees under the Lanham Act, thus foregoing the lodestar analysis.[1]

Moreover, the motion fails to adequately set forth the basis for the fee award, including the hourly rates sought for the attorneys or the number of hours spent on the case. Indeed, the motion provides only the total amount to be awarded to each law firm that has represented Plaintiffs. Doc. No. 213, at 2–3. With the motion, Plaintiffs submit 259 pages of time records and invoices to support the fees sought, and are apparently asking the Court to sift through those records and determine whether the hours and rates for which they seek compensation are reasonable. *See*

---

[1] The federal lodestar approach is the foundation for setting reasonable fee awards pursuant to the Lanham Act. *See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1336 (11th Cir. 2001).

Doc. Nos. 213-1 through 213-3. However, the Court will not do counsels' job for them. And notably, even upon cursory review of the records, it appears that with respect to the firm of Jeffer, Mangels, Butler & Marmaro, LLP, counsel is seeking to recover hourly rates far in excess than those previously to have been found reasonable by the Court. *See* Doc. No. 213-3. *See also* Doc. Nos. 127, 134. Further, in the motion, Plaintiffs confusingly state that the total fee award to O'Connell & Crispin Ackal, PLLC has been discounted to account for the prior fee award by the Court, as it related to contempt proceedings. Doc. No. 213, at 2. But the motion makes no reference to same regarding the remaining firms involved, Deeb Law Group, P.A. or Jeffer, Mangels, Butler & Marmaro, LLP. *See id.* at 2–3.

In sum, Plaintiffs provide the Court insufficient information to resolve the motion, and the motion (Doc. No. 205) will be **DENIED without prejudice**. Plaintiffs may file a renewed motion within **twenty-one (21) days** of this Order. A renewed motion must address the issues outlined in this Order, or alternatively, provide citation to legal authority (besides Local Rule 7.01(c)) demonstrating that the Court may simply accept the parties' agreement regarding quantification of the fee award without engaging in a lodestar analysis.

**Counsel is cautioned that no further opportunities for re-briefing will be permitted, and a recommendation will issue on quantification of attorney's fees in this matter based on the evidence and authority submitted with any renewed**

- 4 -

**motion. And failure to rectify the deficiencies noted herein may result in a recommendation that the motion for quantification be denied.**

**DONE** and **ORDERED** in Orlando, Florida on March 23, 2023.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties