UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALAN PARSONS and
APPERTAINING LLC,

        Plaintiffs,

v.                                                                        Case No:   6:20-cv-123-RBD-LHP

JOHN REGNA, WORLD
ENTERTAINMENT ASSOCIATES OF
AMERICA, INC. and DOES 1-20,

        Defendants

ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** AMENDED MOTION FOR PROCEEDINGS SUPPLEMENTAL TO EXECUTION AND TO IMPLEAD THIRD-PARTIES (Doc. No. 205)
>
> **FILED:** December 6, 2022
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On January 24, 2020, Plaintiffs Alan Parsons ("Parsons") and Appertaining LLC (collectively "Plaintiffs") instituted this action against Defendants John Regna

and World Entertainment Associates of America, Inc. (collectively "Defendants"), alleging federal trademark claims under the Lanham Act, 15 U.S.C. § 1051, *et seq.* (Counts I–III); state law claims for trademark infringement and trademark dilution (Counts IV–V), state common law claims for unfair competition, misappropriation of the right of publicity, breach of fiduciary duty, breach of contract, and conversion (Counts VI, VIII–XI); and a state law claim for infringement of the statutory right of publicity under Fla. Stat. § 540.08 (Count VII).   Doc. No. 1.

As relevant here, on December 16, 2021, the Court granted Plaintiffs' motion for summary judgment as to Counts I, II, and VI of the complaint, and ordered that the case would proceed to trial on: (1) damages only as to Counts I, II, and VI; and (2) liability and damages as to Counts III–V and VII–XI.   Doc. No. 126.   The case proceeded to a jury trial, and on May 13, 2022, the jury returned a verdict in favor of Plaintiffs on all outstanding claims.   Doc. No. 172; *see also* Doc. Nos. 166, 169, 170.   Judgment was entered in favor of Plaintiffs and against Defendants the same day, in the total amount of $4,950,000.00.   Doc. No. 175.

Now before the Court is Plaintiffs' Amended Motion for Proceedings Supplemental to Execution and to Implead Third-Parties, filed on December 6, 2022. Doc. No. 205.   Defendants failed to timely respond to the motion.[1]   Accordingly,

---

[1] Defendants filed a belated response to the motion on January 10, 2023, and a

- 2 -

the Court considers the motion to be unopposed. *See* Local Rule 3.01(a) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

In the motion, Plaintiffs ask the Court to commence proceedings supplemental to aid in execution of the May 13, 2022 judgment, and to implead non-parties Majestic Arts Corporation, Joyce Makinajian, "and other such aliases, alter egos, shell companies, or successor entities that have received or transferred assets to the Supplemental Defendants." Doc. No. 205. In support, Plaintiffs file a copy of the May 13, 2022 judgment (Doc. No. 205-1), and an affidavit by Parsons averring that the entirety of the $4,950,000.00 judgment remains outstanding (Doc. No. 205-2).

The motion has been referred to the undersigned, and the matter is ripe for review. Upon review, even in light of the unopposed nature of the motion, Plaintiffs have not established entitlement to the relief sought.

"Proceedings supplementary are not independent causes of action but are post-judgment proceedings that permit a judgment creditor to effectuate a judgment lien that already exists." *ABM Fin. Servs., Inc. v. Express Consolidation,*

---

belated amended response on January 11, 2023, but the Court struck those filings as untimely and filed without leave of Court. *See* Doc. Nos. 209–10, 213.

*Inc.*, No. 07-60294-CIV, 2011 WL 915669, at *1 (S.D. Fla. Mar. 16, 2011) (citations omitted). Federal Rule of Civil Procedure 69(a) provides, in pertinent part:

> **(1) *Money Judgment; Applicable Procedure.*** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Because Rule 69(a) provides that proceedings supplementary to and in aid of judgment or execution must accord with the procedure of the state where the court is located, Florida law applies when a party seeks to institute proceedings supplementary in this Court. *Wubben v. Kirkland*, No. 6:08-cv-1105-Orl-22DAB, 2012 WL 12951413, at *1 (M.D. Fla. Sept. 11, 2012).

> Section 56.29, Florida Statutes provides, in relevant part:
>
> (1) When any judgment creditor holds an unsatisfied judgment or judgment lien . . . the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

Pursuant to § 56.29, "[a] party bringing a proceeding supplementary to execution must 1) show that he or she possesses an unsatisfied writ of execution, and 2) file an affidavit averring that the writ is valid and unsatisfied." *Floridians for Solar*

- 4 -

*Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688, 2019 WL 2297524, at *1 (S.D. Fla. May 30, 2019) (citations omitted).

"After a party initiates proceedings supplementary, a creditor may pursue assets held by the debtor, assets of the debtor held by another, or assets that have been fraudulently transferred to another. But the rights of any third party interest-holders must be accounted for by impleading them into the proceeding and allowing them to defend their interests." *Kennedy v. RES-GA Lake Shadow, LLC*, 224 So. 3d 931, 933 (Fla. 1st Dist. Ct. App. 2017) (citations omitted).

Here, Plaintiffs' motion (Doc. No. 205) is due to be denied for several reasons. First, Plaintiffs have not alleged that there is an unsatisfied writ of execution against Defendants, and the record does not indicate that this Court has issued a writ of execution. An unsatisfied writ of execution is a prerequisite to instituting proceedings supplementary, *see Narvaez v. Hialeah Hous. Auth.*, No. 03-23369 CIV, 2007 WL 842767, at *2 (S.D. Fla. Mar. 16, 2007), and Plaintiffs cite no contrary authority in their motion.

Second, even if proceedings supplementary were proper, it appears that Plaintiffs are seeking to implead several third parties—Majestic Arts Corporation, Joyce Makinajian, "and other such aliases, alter egos, shell companies, or successor entities that have received or transferred assets to the Supplemental Defendants"— for the purpose of holding these third parties directly liable for the judgment. *E.g.*,

Doc. No. 205, at 12, 13. However, even putting aside the issue of unidentified and unnamed third parties that Plaintiffs wish to implead, the Court lacks jurisdiction to hold a third party directly liable for the judgment unless Plaintiffs "separately establish[] the Court's original jurisdiction over such a claim." *See, e.g.*, *SMS Fin. J, LLC v. Cast-Crete Corp.*, No. 8:18-mc-00008-CEH-JSS, 2018 WL 1726434, at *2 (M.D. Fla. Apr. 10, 2018) (explaining difference between alter ego liability and disgorgement for fraudulent transfer for purposes of impleader); *KHI Liquidation Tr. v. S&T Painting*, No. 8:17-mc-133-T-35JSS, 2018 WL 1726435, at *1 (M.D. Fla. Apr. 10, 2018) (stating that the court's ancillary jurisdiction does not extend "to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment"). *See also* Fla. Stat. § 56.29(9) (requiring claimant to file a supplemental complaint against subsequent transferees of judgment debtor's assets for claims under Chapter 726, Florida Statutes). Plaintiffs have not satisfied these requirements, even though they appear to intend to assert claims under Chapter 726, Florida Statutes. *See* Doc. No. 205, at 9. *See also Floridians for Solar Choice, Inc.*, 2019 WL 2297524, at *2 ("In a supplemental proceeding, a judgment creditor does not assert a cause of action against an impleaded party, but only seeks to identify and marshal the assets of the judgment debtor in the hands of the impleaded party.").

Third, Plaintiffs have not "describe[d] any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." *See* Fla. Stat. § 56.29(2).[2]  Nor have Plaintiffs provided proposed Notices to Appear with their motion, which the Court will require. *See id.* Such Notices must be in the form required by § 56.29(2). *See also In re Amendments to Fla. Rule of Civil Procedure 1.570 & Form 1.914*, 244 So. 3d 1009, 1010 (Fla. 2018) (providing required form for Notice to Appear). The Notices "must describe with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment." Fla. Stat. § 56.29(2); *see also SMS Financial J, LLC v. Cast-Crete Corporation*, No. 8:18-mc-00008-CEH-JSS, Doc. No. 10, at 4–5 (M.D. Fla. April 10, 2018) (noting that description "any property" is not the "reasonable particularity" required by § 56.29(2)). Plaintiffs may be entitled to discovery in aid of execution under the rules of civil procedure. *See* Fed. R. Civ. P. 69(a)(2); Fla. Stat. § 56.30(1); *see also SMS Fin. J, LLC*, 2018 WL 1726434, at *3 (stating that plaintiff "can engage in discovery in aid of execution to assist it in crafting the property description").

---

[2] The Court finds Plaintiffs' general references to "assets" or "transfers" insufficient. *See* Doc. No. 205.

For these reasons, Plaintiffs' Amended Motion for Proceedings Supplemental to Execution and to Implead Third-Parties (Doc. No. 205) is **DENIED without prejudice**.  In any renewed motion, Plaintiffs must address the issues outlined in this Order.  Any renewed motion must also be accompanied by Notices to Appear in the form required by Fla. Stat. § 56.29(2).

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties