**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ALAN PARSONS and
APPERTAINING LLC,

                Plaintiffs,

v.                                                 Case No:   6:20-cv-123-RBD-LHP

JOHN REGNA, WORLD
ENTERTAINMENT ASSOCIATES OF
AMERICA, INC. and DOES 1-20,

                Defendants

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:   PLAINTIFFS' UNOPPOSED THIRD**
> **SUPPLEMENTAL AND RENEWED MOTION FOR**
> **AMOUNT OF AWARD OF LEGAL FEES AND**
> **COSTS AND MEMORANDUM OF LAW (Doc. No.**
> **227)**
>
> **FILED:     May 17, 2023**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**
> **IN PART AND DENIED IN PART**.

## I.      BACKGROUND.

On January 24, 2020, Plaintiffs Alan Parsons ("Parsons") and Appertaining LLC (collectively "Plaintiffs") instituted this action against Defendants John Regna ("Regna") and World Entertainment Associates of America, Inc. (collectively "Defendants"), alleging federal trademark claims under the Lanham Act, 15 U.S.C. § 1051, *et seq.* (Counts I–III); state law claims for trademark infringement and trademark dilution (Counts IV–V), state common law claims for unfair competition, misappropriation of the right of publicity, breach of fiduciary duty, breach of contract, and conversion (Counts VI, VIII–XI); and a state law claim for infringement of the statutory right of publicity under Fla. Stat. § 540.08 (Count VII). Doc. No. 1.   In sum, the case concerns several registered and common law trademarks owned by Parsons, and the alleged misuse thereof by Regna (who formerly worked for Parsons) and Regna's company.   *See generally* Doc. No. 126.

Plaintiffs obtained a preliminary injunction against Defendants.   Doc. No. 46.   On Plaintiffs' motion, the Court later held Defendants in civil contempt for violating the preliminary injunction and found Plaintiffs entitled to attorney's fees incurred in litigating the issue.   Doc. No. 108.   An award of fees was subsequently entered in Plaintiffs' favor regarding the litigation of the motion.   *See* Doc. Nos. 114, 127, 134, 144, 154.

The Court ultimately entered summary judgment in Plaintiffs' favor on several counts of the complaint, the case proceeded to jury trial on the remainder, and the jury returned a verdict in Plaintiffs' favor on all remaining claims. Doc. Nos. 126, 172, 175. The Court thereafter converted the preliminary injunction into a permanent injunction, unchanged. Doc. No. 194.

Subsequently, on Plaintiffs' motion, the Court found Plaintiffs entitled to an award of fees under the Lanham Act, 15 U.S.C. § 1117(a). Doc. No. 208. *See also* Doc. No. 202. The Court ordered the parties to comply with the procedures set forth in Local Rule 7.01(c) for a determination of the amount of fees due and owing to Plaintiffs. Doc. No. 208. After several missteps by Plaintiffs, *see* Doc. Nos. 213–14, 220, 222, 223–25, now before the Court is Plaintiffs' Unopposed Third Supplemental and Renewed Motion for Amount of Award of Legal Fees and Costs (Doc. No. 227), which has been referred to the undersigned. Although labeled as "unopposed," according to the Local Rule 3.01(g) certificate, Defendants "object to all entries." Doc. No. 227, at 8. However, Defendants have not responded to the motion, and the time for doing so has long expired. *See* Local Rule 3.01(c). Accordingly, the undersigned deems the motion to be unopposed. *See id.* *See also* Doc. No. 44, at 10 ("[T]he Court routinely grants motions as unopposed when no Response is filed.").

Upon review, the undersigned will recommend that the motion be granted in part and denied in part, as set forth herein.

## II.   LEGAL FRAMEWORK.

### A.   Attorneys' Fees.

The Court has already determined that Plaintiffs are entitled to an award of attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a).   Doc. No. 208.   Thus, the only issue remaining is the quantification of that award.   *See id.*   Courts apply the federal lodestar approach to calculating the amount of a fee award under § 1117(a).   *See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1336 (11th Cir. 2001); *CarMax Auto Superstores, Inc. v. StarMax Fin., Inc.*, 192 F. Supp. 3d 1279, 1284 (M.D. Fla. 2016).

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."   *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Echerhart*, 461 U.S. 424, 433 (1983)).   In applying the lodestar analysis, the party seeking fees has the burden of establishing that the hourly rate and hours expended are reasonable.   *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).   A reasonable hourly rate for an attorney is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."   *Id.* at 1299 (citations

omitted).   *See also Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996).   The "relevant market" is "the place where the case is filed."   *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).   To establish that the requested hourly rate is consistent with the prevailing market rate, the fee applicant must produce "satisfactory evidence" that "speak[s] to rates actually billed and paid in similar lawsuits."   *Norman*, 836 F.2d at 1299.   This requires "more than the affidavit of the attorney performing the work," and generally includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates.   *Id.*   Nonetheless, "where the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience."   *Id.* at 1303.

   B. <u>Costs</u>.

   Costs may be awarded under the Lanham Act.   15 U.S.C. § 1117(a).   Because the statute does not specify which costs are recoverable, courts have determined that recoverable costs are those enumerated in 28 U.S.C. § 1920.   *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Hosp. Int'l, Inc. v. Sitaram, Inc.*, No. 3:12-cv-01145-99MMH, 2013 WL 6798927, at *10 (M.D. Fla. Dec. 23, 2013) ("Under 15 U.S.C. § 1117, a prevailing plaintiff is entitled to recover 'the costs of the action.'   The term 'costs of the action' is not defined by the Lanham Act.

However, the term has been interpreted as meaning the costs allowed under 28 U.S.C. § 1920." (citation omitted)); *Ordonez v. Icon Sky Holdings, LLC*, No. 10-60156-Civ, 2011 WL 3843890, at *10 (S.D. Fla. Aug. 30, 2011) (awarding costs under Lanham Act as limited by §§ 1821 and 1920).   Indeed, here, in the Judgment, the Court stated that "the prevailing party shall be entitled to an award of costs *as provided in 28 U.S.C. § 1920.*"   *See* Doc. No. 175 (emphasis added)).

Section 1920 delineates the allowable costs as:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under 28 U.S.C. § 1923;

(6)     Compensation of court appointed experts, interpreters, and costs of special interpretation services.

28 U.S.C. § 1920.

## III.   ANALYSIS.

According to the motion, the following law firms are due the total sums for work in this case:

- O'Connell & Crispin Ackal, PLLC:   $104,258.32

- Deeb Law Group, P.A.:   $32,915.00

- Jeffer Mangels Butler & Mitchell LLP:   $362,607.00

- Total:   $499,780.32

Doc. No. 227, at 2–3.   Also according to the motion, however, Plaintiffs are only seeking to recover a total amount of $362,439.59 because counsel "only motioned for $362.439.59 in its First Supplemental Motion for Attorney's Fees and Costs (DE 213)."   *See id.* at 3.   But the present motion fails to explain how that total was reached, how much was attributable to the work of each law firm involved, or the total number of hours of attorney work for which Plaintiffs seek recovery.   *See id.* Indeed, the motion does not address the hourly rates sought for each of the attorneys involved nor the total hours spent by each attorney on the case, and Plaintiffs merely point to over 250 pages of attached billing records and three affidavits in support.   *See* Doc. Nos. 227-1 through 227-3.   Moreover, the attached evidence also fails to identify how Plaintiffs reached the $362,439.59 total, and does not support the requested hourly rates for attorneys practicing in the Middle District of Florida.   In short, despite the multitude of opportunities provided to Plaintiffs to get it right, the motion fails to comply in large part with the requirements of *Norman*, 836 F.2d 1292, 1299, 1303, and the undersigned would be well within her right to recommend denial of the motion in its entirety on this basis. Nevertheless, given the lack of objection from Defendants, the undersigned will

instead endeavor to apply *Norman* and its progeny to Plaintiffs' motion and attached evidence.

      A.    <u>O'Connell & Crispin Ackal, PLLC</u>.

      In support of the fees/costs sought for the work of attorneys from O'Connell & Crispin Ackal, PLLC, Plaintiffs submit the Declaration of John P. "Jack" Seiler, Esq., a thirty-four-year South Florida attorney who opines as to the reasonableness of the hourly rates and number of hours spent on the case. Doc. No. 227-1, at 1–3. Plaintiffs also submit a summary table of the fees sought for O'Connell & Crispin Ackal, PLLC, demonstrating that Plaintiffs seek to recover the following for attorneys and staff from this firm:

- Alex Brams:   $225.00 per hour x 311.42 hours = $70,069.50

- Ashley Crispin Ackal: $275.00 per hour x 119.67 hours = $32,909.25

- Brian O'Connell: $300.00 per hour x 48.42 hours = $14,526.00[1]

---

[1] Attorney O'Connell appeared in this case on or around July 2021, *see* Doc. No. 78, and he is the attorney who filed the above-styled motion, Doc. No. 227. After filing the above-styled motion, Attorney O'Connell was suspended from the practice of law in Florida, effective July 29, 2023. Accordingly, the undersigned issued an Order directing Plaintiffs to address whether his suspension had any effect on the present motion. Doc. No. 228. Based upon Plaintiffs' response, filed by Attorney Ashley Crispin Ackal, the undersigned agrees with Plaintiffs that the Court may properly award fees in this case for the work of Attorney O'Connell prior to his suspension from the practice of law. *See* Doc. No. 229. *See also O'Laughlin v. Palm Beach Cty.*, No. 19-80701-CIV, 2022 WL 16924182, at *8 (S.D. Fla. Oct. 26, 2022), *report and recommendation adopted*, 2022 WL 16921843 (S.D. Fla. Nov. 14, 2022) ("[T]he Court declines to punish Mr. Amlong for time spent working on the case before he was suspended.").

—

- Clara Crabtree: $225.00 per hour x 7.5 hours = $1,687.50

- Sam Shahidi: $225.00 per hour x 32.58 hours = $7,330.50

- Trudy Dodson: $85.00 per hour, 25.58 hours = $2,174.30

- Total = $128,697.05

*Id.* at 4.   Plaintiffs further submit detailed billing records for O'Connell & Crispin Ackal, PLLC.   *Id.* at 5–48.

The Court has already approved these same hourly rates for the attorneys and staff from O'Connell & Crispin Ackal, PLLC for work in this case, and the undersigned finds these hourly rates reasonable here.   Doc. No. 134; Doc. No. 127, at 5–6, 8.   Absent any objection from Defendants, and upon review of the record, the undersigned also finds the total number of hours spent by O'Connell & Crispin Ackal, PLLC reasonable.   *See* Doc. No. 134; Doc. No. 127, at 8 (and cases cited therein).   *See also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) ("[A] fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal." (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997))); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1320 (M.D. Fla. 2001) ("[A] fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal," and therefore, "all hours to which the [fee opponents] have not made an objection will be accepted." (citing *Gray*, 125 F.3d 1387).

According to the summary table provided, O'Connell & Crispin Ackal, PLLC has reduced the total amount of fees ($128,697.05) by the amount previously awarded to O'Connell & Crispin Ackal, PLLC for litigating the issue of contempt for Defendants' violation of the Court's preliminary injunction ($24,030.50).  *See* Doc. No. 227-1, at 4.  *See also* Doc. No. 134; Doc. No. 127, at 12.  O'Connell & Crispin Ackal, PLLC also removed an additional $750.00, without explanation.  *See* Doc. No. 227-1, at 4.  Accordingly, the undersigned will recommend that the Court award a total of $103,916.55 in attorneys' fees for the work of the attorneys and staff from O'Connell & Crispin Ackal, PLLC (total fees of $128,697.05 less $24,030.50, less $750.00).

However, randomly interspersed throughout the voluminous billing records from O'Connell & Crispin Ackal, PLLC, are requests for costs, which include items such as "Uber eats – While in trial"; a "Budget Rental Agreement"; parking; and unspecified transcripts and copies.  *See, e.g.*, Doc. No. 227-1, at 20.  Plaintiffs provide no explanation for these costs.  Doc. No. 227.  It is also apparent that many of these costs are not recoverable under 28 U.S.C. § 1920.  As such, the undersigned will recommend that the Court decline to award them.  *See generally Pelc v. Nowak*, No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013), *aff'd*, 596 F. App'x 768 (11th Cir. 2015) ("Failure to provide supporting documentation verifying the costs incurred and the services rendered can be

grounds for denial of costs." (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997))).   *See also Pump It Up Holdings, LLC v. Anderson*, No. 6:19-cv-1252-GAP-DCI, 2021 WL 4427509, at *4 (M.D. Fla. Apr. 8, 2021) (rejecting costs in entirety where the plaintiff did not provide documentation of costs and merely provided a sum of costs incurred and a list of costs, without substantiation or breakdown, therefore leaving the Court unable to determine which costs were taxable and in what amount).[2]

Thus, the undersigned recommends that the Court award Plaintiffs a total of $103,916.55 in fees for the work of the attorneys and staff from O'Connell & Crispin Ackal, PLLC, and nothing further.[3]

B.   Deeb Law Group, P.A.

Plaintiffs state that Brian P. Deeb of Deeb Law Group, P.A. is due a total of $32,915.00.   Doc. No. 227, at 3.[4]   In support, Plaintiffs submit Attorney Deeb's

---

[2] Importantly, Plaintiffs did not timely file a proposed Bill of Costs, nor did they otherwise follow the procedures set forth in Federal Rule of Civil Procedure 54(d)(1) to seek recoverable costs.

[3] In making this recommendation, the undersigned has not considered the Declaration of John P. "Jack" Seiler, as that Declaration only speaks to the customary hourly rates afforded to attorneys in the Southern District of Florida.   Doc. No. 227-1, at 1-3.   *See Barnes*, 168 F.3d at 437 (defining the "relevant market" for purposes of determining a reasonable hourly rate for an attorney's services as "the place where the case is filed" (quoting *Cullens*, 29 F.3d at 1494)).

[4] According to the motion, the total for Deeb Law Group, P.A. does not include any fees duplicative of those previously awarded for Deeb Law Group, P.A.'s work in litigating the motion for contempt.   Doc. No. 227, at 3 n.1.   Attorney Deeb's affidavit and billing

affidavit, which states that Attorney Deeb has been practicing law in Florida for over 37 years and acted as co-counsel in this case.   Doc. No. 227-3, at 1–8. Embedded within the affidavit are detailed time entries for the work performed by Attorney Deeb, representing 80.6 hours of work on this case, at hourly rates of $375.00 per hour for work performed in 2020 through 2021, and $425.00 per hour for work performed in 2022.   *Id.*

The Court previously approved the hourly rate of $375.00 per hour for work performed by Attorney Deeb in this case, which the undersigned again recommends the Court find reasonable for the work performed in 2020 through 2021, particularly in the absence of any objection from Defendants.   Doc. No. 134. *See also* Doc. No. 127, at 9–10.   The undersigned will further recommend that the Court approve the $425.00 hourly rate for work performed by Attorney Deeb in 2022, as reasonable in the Central Florida legal market based on his level of experience.   *See generally Cardinale v. Vitamin Emporium, Inc.*, No. 6:21-cv-379-ACC-DAB, 2023 WL 2931047, at *3 (M.D. Fla. Jan. 26, 2023) ("A recent case in this district evaluating attorney's fees in a trademark action found reasonable hourly rates ranged between $350 and $450 for partners, between $250 and $350 for associates, and between $100 and $125 for paralegals." (citing *Backjoy Orthotics, LLC v. Forvic*

---

records support this statement.   Doc. No. 227-3.

*Int'l Inc.*, No. 6:14-cv-249-Orl-41TBS, 2017 WL 3037497, at *7 (M.D. Fla. June 12, 2017), *report and recommendation adopted*, 2017 WL 3022712 (M.D. Fla. July 17, 2017))). Again, absent any objection or response from Defendants, and upon review of the records provided, the undersigned will recommend that the Court approve the total number of hours spent by Attorney Deeb in this case. *See Scelta*, 203 F. Supp. 2d at 1333 (citing *Gray*, 125 F.3d 1387); *Wales*, 192 F. Supp. 2d at 1320 (citing *Gray*, 125 F.3d 1387). Moreover, Attorney Deeb does not appear to seek any costs in this case, recoverable or not. *See* Doc. No. 227-3. Accordingly, the undersigned will recommend that Plaintiffs be awarded fees for the work of Attorney Deeb as follows:

- 2020–2021:   $375.00 per hour x 26.8 hours = $10,050.00

- 2022:  $425.00 per hour x 53.8 hours = $22,865.00

- Total: $32,915.00

*See* Doc. No. 227-3.

    C.    <u>Jeffer Mangels Butler & Mitchell LLP</u>.

The fees sought for the work performed by attorneys from Jeffer Mangels Butler & Mitchell LLP are problematic in several respects. For one, Plaintiffs submit 211 pages of exhibits in support of the fees sought for this law firm, without explanation in the motion or legal authority supporting the hourly rates sought for the individual timekeepers, and without explanation as to who most of the

individual timekeepers even are (*i.e.*, attorneys, paralegals, etc.).   Doc. No. 227; Doc. No. 227-2.   For another, Plaintiffs again seek hourly rates for some of these attorneys comparable to those which the Court has previously declined to award. *See* Doc. No. 134; Doc. No. 127, at 10–11 (rejecting request to award hourly rates of $945.00 per hour for work performed by Attorney Jeff Goldman and $995.00 per hour for work performed by Attorney Rod S. Berman, and instead awarding $375.00 per hour).   Further, outside of billing records, the only evidentiary support for the fee request for the work of these attorneys is a declaration from Attorney Peter J. Anderson, who opines as to the reasonableness of hourly rates "in the Southern California legal marketplace," which has no application here.   *See Barnes*, 168 F.3d at 437 (defining the "relevant market" for purposes of determining a reasonable hourly rate for an attorney's services as "the place where the case is filed" (quoting *Cullens*, 29 F.3d at 1494)).[5]

Specifically, Plaintiffs seek to recover the hourly rates for the following persons from Jeffer Mangels Butler & Mitchell LLP:

- Barbra Arnold: $615.00 per hour

- Rod S. Berman: $925.00–$945.00 per hour

---

[5] Notably, Attorney Anderson does not address the rates sought for individual timekeepers, and instead opines in a general, conclusory fashion that the hourly rates are "in line with the prevailing hourly rates in Los Angeles, California, for attorneys and other legal professionals with experience comparable to Mr. Goldman's, Mr. Berman's, and JMBM's generally."   *See* Doc. No. 227-2, at 1–2.

- Jessica Bromall Sparkman: $625.00–$655.00 per hour

- Bradford Cohen: $895.00 per hour

- Martin R. Fernandez: $280.00 per hour

- Shiloh Filin: $375.00–$395.00 per hour

- Travis M. Gemoets: $795.00 per hour

- Michael A. Gold: $895.00 per hour

- Talya Goldfinger: $450.00–$475.00 per hour

- Jeff Goldman: $865.00–$895.00 per hour

- AnnMarie Lariccia: $280.00 per hour

- Remi Salter: $350.00–$395.00 per hour

- Andrew Steenbock: $525.00 per hour

- David Stern: $695.00 per hour

Doc. No. 227-2, at 3–4.   Out of these persons, only Attorneys Jeff Goldman and Rod Berman specially appeared as counsel for Plaintiffs in this case, Doc. Nos. 8–9, and it is entirely unclear from the motion and related exhibits what role the remainder of these persons played in this lawsuit, their levels of experience, or if these persons are even attorneys, much less members of the Florida Bar or the Middle District of Florida.   *See* Doc. No. 227; Doc. No. 227-2.[6]

---

[6] The undersigned notes that Attorneys Berman and Goldman withdrew from their representation of Plaintiffs on March 3, 2021.   *See* Doc. Nos. 71–72.   However, the billing

Plaintiffs have been given multiple opportunities to support their request for fees in this case.   *See* Doc. Nos. 214, 225.   Yet, outside of voluminous billing records and a conclusory declaration opining as to rates that have no application here, Plaintiffs wholly fail to support their request for fees from this firm.   As discussed above, the Court previously reduced the hourly rates for Attorneys Goldman and Berman to $375.00 per hour, and the undersigned will recommend that the Court do so again here.   *See* Doc. No. 134; Doc. No. 127, at 10–11.

As to the remainder of the timekeepers, Plaintiffs provide no information as to any of these persons' roles, credentials, or levels of experience, nor do Plaintiffs ever explain whether these timekeepers are even attorneys, much less attorneys admitted to practice in Florida or before this Court.   *See* Doc. Nos. 227, 227-2. Even absent objection from Defendants, Plaintiffs wholly fail to carry their burden of supporting the fee request for these timekeepers, and the Court would be acting well within its discretion to decline to award these fees in toto.   *Cf. C Pepper Logistics LLC v. Gordon*, No. 6:21-cv-557-GAP-GJK, 2021 WL 5586519, at *1 (M.D. Fla. Nov. 30, 2021) (denying wholly unsupported fee quantification request).

---

records demonstrate that Plaintiffs seek to recover for work performed by attorneys from Jeffer Mangels Butler & Mitchell LLP only through the end of 2020.   *See* Doc. No. 227-2. The undersigned further notes that according to the above-styled motion, the requested fees for the work of these attorneys has been reduced by the amount previously awarded to Jeffer Mangels Butler & Mitchell LLP for litigating the issue of contempt for Defendants' violation of the Court's preliminary injunction ($825.00).   Doc. No. 227, at 3.   *See* Doc. No. 134.   *See also* Doc. No. 127.

Nonetheless, based on the billing records, it appears that these timekeepers have performed at least some work in this case, therefore the undersigned declines to recommend such a draconian result.   Doc. No. 227-2.

Because the undersigned cannot ascertain based on the information provided by Plaintiffs whether these timekeepers are even attorneys (nor is it the Court's role to do Plaintiffs' job for them in this regard), and because none of these timekeepers have been admitted to appear in this Court, specially or otherwise, the undersigned will respectfully recommend that the Court reduce the hourly rate for all remaining timekeepers to $150.00, which is a rate (on the high side) for the work of a paralegal in the Central Florida market.  *See Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 537 (11th Cir. 2020) (finding no abuse of discretion to treat the work of non-admitted attorneys as compensable at prevailing market rates for paralegal services); *Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*, No. 3:20-cv-28-BJD-MCR, 2021 WL 8201479, at *9 (M.D. Fla. Aug. 10, 2021), *report and recommendation adopted*, 2021 WL 8201487 (M.D. Fla. Sept. 8, 2021) (reducing hourly rate for out-of-state attorney who did not appear pro hac vice to $150.00 per hour); *Rabco Corp. v. Steele Plaza, LLC*, No. 6:16-cv-1858-Orl-40LRH, 2019 WL 5188601, at *5 (M.D. Fla. July 29, 2019), *report and recommendation adopted*, 2019 WL 5176284 (M.D. Fla. Aug. 13, 2019) (reducing hourly rate for out-of-state non-admitted attorney to the prevailing

paralegal rate of $150.00).[7]   Absent any objection or response from Defendants, the undersigned will also recommend that the Court approve the total number of hours spent by these timekeepers in this case.   *See Scelta*, 203 F. Supp. 2d at 1333 (citing *Gray*, 125 F.3d 1387); *Wales*, 192 F. Supp. 2d at 1320 (citing *Gray*, 125 F.3d 1387).

Similar to the billing records from the O'Connell & Crispin Ackal firm, interspersed within the 211 pages of exhibits submitted in support of the fees for Jeffer Mangels Butler & Mitchell LLP are several costs, which are wholly unexplained by Plaintiffs in the motion or otherwise, and include costs that are non-recoverable.   *E.g.*, Doc. No. 227-2, at 122, 159, 161 (costs for, among other things, taxis and hotels).   The costs are also sometimes undefined and simply listed as "costs."   *E.g.*, *id.* at 159, 177, 181, 184, 189, 193–94, 196, 203, 208.   Because the records are not clear, and indeed the motion fails to explain the exact amount of costs sought or what the costs were incurred for, the undersigned will respectfully recommend that the Court decline to award any of these costs.   *See Pelc*, 2013 WL

---

[7] If the Court views this result too harsh, the undersigned will alternatively recommend that the Court reduce the hourly rate for all remaining timekeepers to $225.00, comparable to the hourly rates previously awarded to associates from the O'Connell & Crispin Ackal, PLLC firm.   *See* Doc. No. 134; Doc. No. 127, at 5–6, 8.   *See also Mraz v. I.C. Sys., Inc.*, No. 2:18-cv-254-FtM-38NPM, 2021 WL 4086147, at *9 (M.D. Fla. Aug. 23, 2021), *report and recommendation adopted*, 2021 WL 4078139 (M.D. Fla. Sept. 8, 2021) ("[W]ith virtually nothing in the way of reliable market data from the parties, the Court must draw upon 'its own knowledge and experience concerning reasonable and proper fees [to] form an independent judgment . . . without the aid of witnesses as to value.'" (quoting *Norman*, 836 F.2d at 1303)).   This would result in a total fee for the work of the Jeffer Mangels Butler & Mitchell LLP firm of $153,525.00.

3771233, at *5 (citing *Johnson,* 173 F.R.D. at 318); *Pump It Up Holdings, LLC,* 2021 WL 4427509, at *4.

Accordingly, the undersigned recommends that the Court award fees for the work of Jeffer Mangels Butler & Mitchell LLP as follows:

- Barbra Arnold: $150.00 per hour x 0.3 hours = $45.00

- Rod S. Berman: $375.00 per hour x 185.1 hours = $69,412.50

- Jessica Bromall Sparkman: $150.00 per hour x 5.4 hours = $810.00

- Bradford Cohen: $150.00 per hour x 1 hour = $150.00

- Martin R. Fernandez: $150.00 per hour x 1.9 hours = $285.00

- Shiloh Filin: $150.00 per hour x 6.7 hours = $1,005.00

- Travis M. Gemoets: $150.00 per hour x 0.5 hour = $75.00

- Michael A. Gold: $150.00 per hour x 0.3 hour = $45.00

- Talya Goldfinger: $150.00 per hour x 9.4 hours = $1,410.00

- Jeff Goldman: $375.00 per hour x 180.8 hours = $67,800.00

- AnnMarie Lariccia: $150.00 per hour x 0.3 hour = $45.00

- Remi Salter: $150.00 per hour x 42.7 hours = $6,405.00

- Andrew Steenbock: $150.00 per hour x 0.1 hour = $15.00

- David Stern: $150.00 per hour x. 3.9 hours = $585.00

- Total: $148,087.50

*See* Doc. No. 227-2, at 3–4.

## IV.   RECOMMENDATION.

For the reasons discussed herein, the undersigned respectfully **RECOMMENDS** that the Court:

1.   **GRANT in part and DENY in part** Plaintiffs' Unopposed Third Supplemental and Renewed Motion for Amount of Award of Legal Fees and Costs (Doc. No. 227).

2.   **AWARD** Plaintiffs a total of **$284,919.05** in attorneys' fees, as follows:

- O'Connell & Crispin Ackal, PLLC:   $103,916.55

- Deeb Law Group, P.A.:   $32,915.00

- Jeffer Mangels Butler & Mitchell LLP:   $148,087.50

3.   **DENY** the motion (Doc. No. 227) in all other respects.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 18, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy